UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUPESH GANDHI,

    Plaintiff,

v                                                    Case No. 13-cv-12710
                                                    Hon. Gershwin A. Drain

FANNIE MAE a/k/a FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#4], CANCELLING AUGUST 28, 2013 HEARING AND DISMISSING ACTION

**I.    INTRODUCTION**

On March 19, 2013, Defendant, Fannie Mae, filed an eviction proceeding in the 52-3 District Court against Plaintiff, Rupesh Gandhi. On March 25, 2013, Gandhi filed a two count Counter-Complaint against Fannie Mae. The 52-3 District Court severed and transferred the counterclaims to the Oakland County Circuit Court in Pontiac, Michigan. After the Oakland County Circuit Court received the counterclaims, Fannie Mae timely removed the counterclaims to this Court. Here, Gandhi challenges the foreclosure of a mortgage that encumbered property located at 1041 River Mist Drive, Rochester, Michigan (the "Property"). Gandhi asserts claims for fraudulent misrepresentation and for violation of MICH. COMP. LAWS § 600.3204 *et seq*.

Presently before the Court is Fannie Mae's Motion to Dismiss. Fannie Mae argues that Gandhi fails to state any viable claims. The statute of frauds bars Gandhi's fraudulent misrepresentation claim, and in any event, Gandhi has not stated sufficient facts to state a fraud claim that withstands Rule 12(b)(6) scrutiny. Fannie Mae also argues that Gandhi has not shown

any valid basis for this Court to set aside the Sheriff's Sale. This matter is fully briefed and the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the present motion on the briefs submitted. See E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Fannie Mae's Motion to Dismiss.

## II.     FACTUAL BACKGROUND

On July 15, 2005, Arvind Patel entered into a mortgage loan transaction with Countrywide Home Loans, Inc. ("Countrywide") to buy the Property. As security for the loan, Patel executed a promissory note in the amount of $284,000.00 as well as a mortgage on the Property. *See* Mot. to Dismiss, Ex B. Bank of America, N.A. ("BANA") later obtained the loan when Countrywide endorsed the note in blank.

The mortgage was recorded with the Oakland County Register of Deeds on August 25, 2005. It designates Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee "acting solely as nominee for Lender and Lender's successors and assigns," and grants MERS "and to the successors and assigns of MERS" the power of sale. *Id.* at 1-2.

Gandhi alleges that the day after Patel entered into the mortgage transaction, on July 16, 2005, Patel sold the Property to Gandhi by land contract. The land contract was never recorded with the Oakland County Register of Deeds, nor were Countrywide or BANA parties to the land contract. Gandhi claims he notified Bank of America, assumed the loan and made all payments due and owing. While Gandhi alleges that he assumed the loan and made all the requisite payments, he later alleges that as of April 29, 2011, the loan was in default. Further, Gandhi claims the loan was reinstated, however the document he relies on in support of this assertion is a reinstatement calculation addressed to Patel, and not Gandhi.

On February 23, 2011, MERS executed an assignment of mortgage, assigning its interest in the mortgage to BANA's predecessor-in-interest, BAC Home Loans Servicing, LP. The assignment was recorded with the Oakland County Register of Deeds on March 4, 2011. BANA served Patel with a statutory notice of foreclosure on June 25, 2012. Patel did not request a meeting with a housing counselor. The Property was sold at a sheriff's sale on September 4, 2012 and BANA purchased the Property for $265,252.91. On September 14, 2011, BANA conveyed its interest in the Property to Fannie Mae by quit claim deed. Both the sheriff's deed and the quit claim deed were recorded with the Oakland County Register of Deeds. After the statutory redemption period expired, Fannie Mae filed the eviction action giving rise to the claims raised herein.

### III.   LAW & ANALYSIS

#### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the

complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

### B.     Defendants' Motion to Dismiss

Fannie Mae first argues that Michigan's statute of frauds bars Gandhi from seeking to enforce BANA's purported oral promise that he could assume Patel's loan. Michigan law requires that certain types of agreements be reduced to a writing. *See Crown Technology Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 548; 619 N.W. 2d 66 (2000); *see also*, MICH. COMP. LAWS § 566.132(2). Michigan Compiled Laws § 566.132(2) states:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

MICH. COMP. LAWS § 566.132(2)(a). Here, Count I must be dismissed because Gandhi does not allege the existence of any signed writing evidencing BANA's purported oral promise to permit

Gandhi to assume Patel's loan. Gandhi relies on *Mounzer v. Am. Home Mortg. Serv., Inc.*, No. 289356, 2010 WL 334691 (Mich. Ct. App. Jan. 28, 2010), arguing that "[e]ven if there were no writing, an oral agreement to reinstate a mortgage can be binding when performance is tendered." *See* Resp. at 4. Gandhi misconstrues the decision in *Mounzer*, which did not involve the statute of frauds nor hold that an oral agreement to reinstate a mortgage can be binding where performance is tendered. In fact, the *Mounzer* plaintiff did not tender any performance at all. *Mounzer*, 2010 WL 334691, at *1.

Similarly, *Monroe Bank & Trust v. Jessco Homes*, No. 07-12073, 2009 U.S. Dist. LEXIS 9775 (E.D. Mich. Feb. 10, 2009), does not support Gandhi's argument that the statute of frauds does not bar his claim. In *Monroe Bank*, the borrowers alleged that the bank assured them that their loan would contain an "interest carry" provision. *Monroe Bank & Trust,* 2009 U.S. Dist. LEXIS 9775, at *2. When the borrowers' representative attended the closing, he was falsely told that the borrowers knew that the loan agreement did not contain the "interest carry" provision. *Id.* When the borrowers later sued, and the bank argued that the statute of frauds barred their claims, the court found that the borrowers were not trying to enforce an oral promise, rather they were seeking to rescind the loan based on the bank's false statements at the time of closing. *Monroe Bank & Trust,* 2009 U.S. Dist. LEXIS 9775, at *4. Here, Gandhi is not trying to rescind the loan because the bank made false representations in order to induce Gandhi to enter into a loan agreement, rather Gandhi seeks to restore the loan in his name. *Monroe Bank* is simply inapplicable to the circumstances before this Court.

Even if the statute of frauds did not bar Gandhi's fraud claim, his claim is still subject to dismissal pursuant to Rule 12(b)(6). In order to establish a claim for fraudulent misrepresentation,

Gandhi must demonstrate: (1) that Fannie Mae made a material representation, (2) that was false, (3) that Fannie Mae knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Fannie Mae made it with the intention that Gandhi would act upon it, and (5) Gandhi acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976). As an initial matter, Gandhi's claim is devoid of sufficient facts required by Rule 9 of the Federal Rules of Civil Procedure. *See Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) ("Because claims based on fraud pose a 'high risk of abusive litigation,' a party making such allegations is required: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) explain what made the statements fraudulent.")

Furthermore, BANA allegedly made the fraudulent misrepresentations, rather than Fannie Mae. To the extent BANA committed misconduct, such conduct cannot be imputed to Fannie Mae merely because it received BANA's quit claim deed. *See Swarich v. OneWest Bank, FSB,* No. 09-13346, 2009 WL 4041947, at *5 (E.D. Mich. Nov. 20, 2009) (granting the defendant's motion to dismiss because the alleged misrepresentations were made by an employee of the original lender, and not by any employee of the defendant company, the current holder of the mortgage.)

As to Gandhi's claim that Fannie Mae failed to comply with Michigan's foreclosure by advertisement statute, such a claim lacks merit. Gandhi's claim rests on the allegations that BANA did not provide him notice as required by MICH. COMP. LAWS § 600.3204(4). This statute provides that a party may not foreclose a mortgage if "[n]otice has not been mailed to the mortgagor as required by section 3205a." MICH. COMP. LAWS § 600.3204(4)(a). Gandhi is neither the mortgagor or borrower, rather Patel is. Thus, there was no violation of Michigan's statutory

foreclosure law and Gandhi's claim is subject to dismissal.

**IV.    CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss [#4] is GRANTED. This cause of action is dismissed.

SO ORDERED.

                                      S/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 21, 2013, by electronic and/or ordinary mail.

                                      S/Carolyn Ciesla on behalf of Tanya Bankston
                                      Case Manager